ARMEN GUKASYAN, ESQ. [CA SBN: 270920]
E-MAIL: ARMEN@GUKASYANLAW.COM
GUKASYAN LAW FIRM
15760 VENTURA BLVD. SUITE 2030
ENCINO, CALIFORNIA 91436
TELEPHONE: (818) 582-3338
FACSIMILE: (818) 646-3950

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES, CALIFORNIA

| | |
|---|---|
| ANDY CHANG,<br><br>Plaintiff,<br><br>v.<br><br>CONN SHRADER, Director of the National Visa Center; CARL C. RISCH, Assistant Secretary of State for Bureau of Consular Affairs; MICHAEL R. POMPEO, Secretary of State; U.S. DEPARTMENT OF STATE; CHAD F. WOLF, Acting Secretary of U.S. Department of Homeland Security; and WILLIAM P. BARR, Attorney General of the United States,<br><br>Defendants. | Case No. 2:20-cv-1722<br><br>Agency Numbers: HNK2018834006<br>LIN1890455837<br>A040-367-547<br>A215-840-407<br><br>**COMPLAINT FOR MANDAMUS, DECLARATORY AND INJUNCTIVE RELIEF** |

## I.    INTRODUCTION

Plaintiff, by and through his undersigned counsel, sues the defendants and alleges as follows:

1. This action is brought against the Defendants to compel the Defendants to schedule an immigrant visa interview for Plaintiff's husband, Mr. King Hei Jeffrey Ng (Mr. Ng), a dual national of Canada and Hong Kong.

## II. PARTIES

2. Plaintiff Andy CHANG is an United States citizen and maintains his residence in Los Angeles, California. He is the spouse of Mr. Ng, and has filed a Petition for Alien Relative (Form I-130) on Mr. Ng's behalf on June 1, 2018.

3. Defendant Conn SHRADER is the Director of the National Visa Center (NVC), which is part of the U.S. Department of State's Bureau of Consular Affairs. NVC serves *a clerical function* in processing immigrant visa applications. NVC's job entails collecting immigrant visa processing fees, reviewing forms and documents submitted to NVC in support of the visa application to ensure that the *minimum* paperwork required by the consular officer is received and properly filled out, scheduling visa interviews at embassies and consulates overseas, and sending completed case files to the interviewing consular officers. Defendant SHRADER'S jurisdiction is nationwide and includes Plaintiff CHANG's residence. He is sued in his official capacity only.

4. Defendant Carl C. RISCH is the Assistant Secretary of State for Bureau of Consular Affairs, which is responsible for formulating and implementing policy relating to immigration and consular services and ensuring responsive and efficient provision of immigrant visa and other consular services. Defendant RISCH is sued in his official capacity.

5. Defendant Michael R. POMPEO is the Secretary of State of the United States of America. He is charged with the administration and the enforcement of the provisions set forth at 8 U.S.C. §1104, including, but not limited to, immigration and nationality laws relating to the powers, duties, and functions of diplomatic and consular officers of the United States, except those powers, duties,

and functions conferred upon the consular officers relating to the granting or refusal of visas. Defendant POMPEO is sued in his official capacity.

6. Defendant U.S. DEPARTMENT OF STATE is an agency of the United States government. Among other things, it is responsible for processing and adjudicating visa applications.

7. Defendant CHAD F. WOLF is the Acting Secretary of the U.S. Department of Homeland Security. Mr. Wolf, as the Acting Secretary, is charged with the administration and enforcement of the immigration laws. 8 U.S.C. § 1103(a). He is sued in his official capacity.

8. Defendant WILLIAM P. BARR is the duly appointed Attorney General of the United States. He is charged with the administration and enforcement of the immigration laws. 8 U.S.C. §§ 1103(g)(1) and (2).

### III. JURISDICTION

7. This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1331 (federal question jurisdiction) because Plaintiff's claims arise under the United States Constitution and the statutes of the United States including §§ 201(b) and 213A of the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1151(b); 8 U.S.C. § 1183a, and applicable regulations arising thereunder. This Court may grant relief in this action under 28 U.S.C. § 1361 (Mandamus Act); 28 U.S.C. § 1651 (All Writs Act); 28 U.S.C. § 2201 et seq. (Declaratory Judgment Act); and under 5 U.S.C. § 701 et seq. (Administrative Procedures Act).

8. There are no administrative remedies available to the Plaintiff to redress the grievances described herein. This action challenges the Defendants' unlawful and unreasonable delay in scheduling a visa interview for the Plaintiff's husband at the U.S. Consulate in Hong Kong, and seeks to compel the defendants to perform a duty owed to the Plaintiff. This action does not challenge the granting or denial of

the visa application. Therefore, the doctrine of consular non-reviewability and the jurisdictional limitations of INA § 242, 8 U.S.C. § 1252 are not applicable.

## IV. VENUE

9. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1), as amended, because this is a civil action in which the Defendants Conn Shrader, Carl C. Risch, and Michael R. Pompeo are officers of the United States acting in their official capacities and the United States Department of State is an agency of the United States. Furthermore, venue is proper because no real property is involved in this action and Plaintiff Andy Chang resides in this judicial district.

## V. STATEMENT OF FACTS

10. NVC does not have the power to adjudicate a visa application. It merely serves a clerical function in processing immigrant visa applications. NVC's job is to ensure that the *minimum* paperwork required by the consular officer is received and properly filled out. Visa eligibility decisions are made by consular officials at U.S. Embassies and Consulates.

11. Prior to relocating to the United States in September 2018, Plaintiff CHANG, a U.S. citizen, resided and worked in Hong Kong from approximately 2005 to September 2018. His last employment in Hong Kong was at Celestial Movie Channel Ltd, where he worked from approximately December 2011 through September 2018.

12. On or about June 1, 2018, Plaintiff CHANG, a U.S. citizen, filed a Petition for Alien Relative (Form I-130), hereinafter the "Petition," with the U.S. Citizenship and Immigration Services (USCIS) seeking Immediate Relative Classification on behalf of his husband, Mr. Ng, pursuant to Section 201(b) of the Immigration and Nationality Act (INA); 8 U.S.C. § 1151(b).

13. On or about October 30, 2018, the USCIS approved and forwarded the Petition to the U.S. Department of State, National Visa Center for consular action. Please see attached copy of Form I-797, Approval Notice, marked as Exhibit 1.

14. Following receipt of the Petition from USCIS, on or about November 30, 2018, the National Visa Center issued Notice of Immigrant Visa Case Creation ("Case Creation Notice") to the Plaintiff, Mr. Ng and their attorney of record. See attached copy of the notice marked as Exhibit 2. In the notice, NVC acknowledged receipt of the Petition from the USCIS and directed the recipients to log on to the Department of State's Consular Electronic Application Center (CEAC) at https://ceac.state.gov/IV to pay fees, upload and submit documents, read messages from NVC, and check status of the case.

15. The Case Creation Notice also provides the following instruction: *"Do not mail documents to NVC, even if you received instructions to mail documents to NVC in the past."* [Italics emphasis added.]

16. Upon receipt of the Case Creation Notice, Plaintiff CHANG and his husband, with the assistance of their attorney of record, logged on to the CEAC, paid the required fees, then completed and submitted Mr. Ng's Immigrant Visa Application (hereinafter "Visa Application") and the required civil documents.

17. Further, pursuant to 8 U.S.C. § 1183a, on February 19, 2019, Plaintiff CHANG, through his attorney, uploaded to the CEAC an Affidavit of Support (Form I-864) together with documentary evidence of his *significant liquid assets.*

18. Due to the technological restriction of the CEAC, which restricts the size of a file upload to 2 MB, Plaintiff CHANG's attorney had difficulty submitting the Plaintiff's digitally scanned U.S. Income Tax Return with the Plaintiff's Affidavit of Support. As a result, although Plaintiff CHANG's undersigned attorney believes that the tax return was successfully uploaded to the CEAC on February 19, 2019, it is not clear whether the document was eventually received and or accepted by NVC. It is unclear because even though it is believed that the tax return had been

uploaded to the CEAC, the CEAC field for the Plaintiff's Federal Income Tax Return or Transcript now shows the file name for the IRS tax transcript which Plaintiff's Attorney uploaded to the CEAC on or about May 2, 2019 at the request of NVC, as further explained below.

18. On March 5, 2019, NVC posted a message on the CEAC directing Plaintiff CHANG to submit an IRS Transcript of his 2017 or 2018 tax return. See attached copy of the communication marked as Exhibit 3.

19. Plaintiff CHANG complied and, through his attorney, uploaded the IRS transcript of his complete Federal tax return for 2017 to the CEAC on or about May 2, 2019 although the CEAC document submission date displays February 19, 2019 as the date of submission. See a copy of the screenshot of the CEAC page marked as Exhibit 6. (A cursory review of the transcript by the NVC would have revealed that Plaintiff CHANG and Mr. Ng's 2017 tax filing included two separate IRS Form 2555s -- Foreign Earned Income.)

20. On or about May 24, 2019, the NVC posted a message on the CEAC messaging module, requesting Plaintiff CHANG's Form W-2 for 2017. See attached copy of the communication marked as Exhibit 4.

21. Plaintiff CHANG responded to the NVC's request and informed NVC that he cannot submit Form W-2 for tax year 2017 because his wages in 2017 were derived from employment in a foreign company.

22. Thereafter, during the period from May 2019 to January 2020, Plaintiff CHANG, through his attorney, submitted several inquires and letters to the NVC via the CEAC, email and the NVC's portal "Ask NVC," informing NVC that Plaintiff CHANG cannot submit Form W-2 because during the relevant tax years he was employed in Hong Kong by a Hong Kong-based company, which does not issue Form W-2. And notwithstanding the foregoing, on January 30, 2020, NVC posted yet another message on the CEAC, requesting "every Form W-2/1099 on

Andy's submitted tax transcript or tax return." See attached copy of the message marked as Exhibit 5.

23. A Form W-2 is required when a sponsor is being qualified based on his income and only if they were issued a W-2 form. In fact, Defendant U.S. Department of State's own website provides in relevant part the following:

> "A Form W-2 Wage and Tax Statement is provided to employees each tax year by *employers in the United States*, and shows the amount of money earned by an employee. Sponsors who submit an IRS tax transcript must submit a Form W-2 <u>only</u> if they filed taxes under the "married filing jointly" category – *and if they were issued a W-2*. Sponsors who claim to meet the Poverty Guidelines based solely on income earned at work and who submit a tax return (Form-1040) – not an IRS tax transcript – as proof of income must also submit that year's Form W-2, *if he or she was issued one.*" [Italics emphasis added]

*See* https://travel.state.gov/content/travel/en/us-visas/immigrate/the-immigrant-visa-process/step-1-submit-a-petition/i-864-affidavit-faqs.html [Last accessed February 12, 2020]; *See* also attached printout from the website marked as Exhibit 7.

24. NVC unrelentingly demands the impossible!

25. Thus, in light of the NVC's most recent request, it appears that unless the Plaintiff can satisfy the NVC's repeated demands, which he cannot do, an interview will never be scheduled for the Plaintiff's husband. This is even more remarkable because, aside from his qualifying income which exceeds the income requirement, Plaintiff CHANG's Affidavit of Support and supporting financial documents -- which have been accepted by NVC -- show that Plaintiff CHANG meets the Affidavit of Support income requirement based solely on his significant assets. See 8 U.S.C. § 1183a(f)(6)(A)(ii); 8 CFR § 213a.2(c)(2)(iii)(B)(1); see also 9 FAM 302.8-2(C)(4)(b)(3) and (5). But it seems that NVC is willfully ignorant of that key fact as well.

26. Having been separated from his husband for longer than it is reasonably necessary to complete the visa process, Plaintiff CHANG contacted his Congressional Representative's office to help him overcome the bureaucratic red-tape and bring the Petition to conclusion. Nevertheless, to date, Plaintiff CHANG has yet to be able to bring the Petition and associated Visa Application to conclusion.

27. Over sixteen months have now elapsed since the USCIS approved and forwarded the Petition to the Defendants for consular action, yet no interview has been scheduled by the Defendants so that Plaintiff CHANG and his husband may complete the Visa Application process and reunite in the United States.

28. The failure by the Defendants to schedule an interview and forward the Petition and associated Visa Application to the U.S. Consulate has created trauma for Plaintiff CHANG, whose ability to endure the hardship caused by the family's prolonged separation is at the breaking point.

## VI.   CLAIMS

### FIRST CLAIM FOR RELIEF

### Agency Action Unlawfully Withheld or Unreasonably Delayed

29. Plaintiff CHANG re-alleges and incorporates by reference paragraphs 1 through 28 above, as if fully set forth herein.

30. NVC is not an adjudicative body; it merely serves a clerical function in processing immigrant visa applications.

31. The decision whether the Plaintiff's income and/or assets satisfy the affidavit of support requirement rests with consular officers. And there is nothing in the relevant statutes or regulations suggesting that the sponsor's qualifying income must come from a U.S. source. Furthermore, there is nothing in the statutes or relevant regulations suggesting that a consular officer cannot request additional clarification or documents from Mr. Ng during the interview process, just as there

is nothing in the statutes or relevant regulations indicating that the Plaintiff's husband may not present additional documents to the consular officer at the time of his interview to establish his continuous eligibility for the visa.

32. The Defendants, and particularly Defendant SHRADER, and those acting under them have willfully and unreasonably refused to schedule a visa interview and forward the Petition and associated Visa Application to the U.S. Consulate in Hong Kong for adjudication by a consular officer.

33. The failure of Defendant SHRADER to schedule an interview and forward the Petition and associated Visa Application to the U.S. Consulate in Hong Kong has deprived Plaintiff CHANG of the opportunity to reunite with his husband in the United States in a reasonably timely manner.

34. The Administrative Procedures Act, 5 U.S.C. § 706(2), allows Courts to compel agency action unlawfully withheld or unreasonably delayed. The Plaintiff has suffered a legal wrong and has been adversely affected and aggrieved by agency actions alleged in paragraphs 1 through 33 above. As a result, Defendants' actions and inactions must be held unlawful, and Defendants must be ordered to adjudicate Mr. Ng's Visa Application that is based on the approved Petition filed by the Plaintiff.

## SECOND CLAIM FOR RELIEF
### Mandamus Relief

35. The Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 above, as if fully set forth herein.

36. The Mandamus Act, 28 U.S.C. § 1361, provides that district courts shall have jurisdiction over any action in the nature of mandamus, and may compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff. Plaintiff must demonstrate that "(1) [his or her] claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly

prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997).

37. The Plaintiff's claims also qualify for mandamus relief because the statutory claims are clear, the Defendants' duties are not in doubt, and in the case of any remedies not available under the APA, no other adequate remedy is available.

38. Defendants owe the Plaintiff the duty to act upon the Plaintiff's Petition, and have unreasonably failed to perform that duty.

39. Plaintiff CHANG has exhausted any administrative remedies that may exist.

## THIRD CLAIM FOR RELIEF
### Declaratory Relief

40. The Declaratory Judgment Act, 28 U.S.C. § 2201, et. seq., provides the Court with the authority to declare the rights and other legal relations of any party. Plaintiff's claims as set forth in paragraphs 1 through 38 also qualify for declaratory relief, including "[f]urther necessary or proper relief based on a declaratory judgment or decree…" 28 U.S.C. § 2202.

WHEREFORE, Plaintiff prays that the Court:
(1) Assume jurisdiction of this case;
(2) Compel the Defendants and those acting under them to perform their duty to schedule an interview and forward the Plaintiff's Petition to the U.S. Consulate in Hong Kong forthwith;
(3) Grant such other and further relief as this Court deems proper under the circumstances; and

(4) Award the Plaintiff his attorney's fees and costs of court pursuant to the Equal Access to Justice Act (EAJA) or other applicable law.

Dated: February 20, 2020

Respectfully submitted,

   *s/Armen Gukasyan*       .
ARMEN GUKASYAN, ESQ.
Attorney for Plaintiff Andy Chang